# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EDWARD BARFIELD,
    Plaintiff,

vs.

JOHN DOE, et al.,
    Defendants.

Civil Action No. 1:16-cv-1149
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Edward Barfield's (1) motion to appoint counsel (Doc. 16) and defendants' opposing memorandum (Doc. 19), and (2) plaintiff's motion for leave to amend the complaint (Doc. 17) and defendants Shannon Bear and Tyler Parish's response in opposition (Doc. 20).

Plaintiff was granted leave to proceed *in forma pauperis* and the original complaint was filed in this action on February 1, 2017. (Doc. 3). Plaintiff listed five John and Jane Doe defendants in the caption of the complaint but identified two of the defendants by name in the body of the complaint and an attached exhibit - "Sgt. Bare" and "Parish," a "c.o." Summons were issued for these two individuals (Doc. 8), and Shannon Bear and Tyler Parish filed an answer to the complaint on May 22, 2017 (Doc. 14). Plaintiff filed his motion for leave to file an amended complaint on June 5, 2017. (Doc. 17). Plaintiff alleges that since filing the original complaint, he "has determined that the name of the John Doe defendant is Tyler Parish" and he proposes to amend ¶¶ 1 to 5 of the complaint "to reflect the identity and the actions" of Officer Parish.

Defendants oppose plaintiff's motion for leave to amend. (Doc. 20). Defendants do not object to plaintiff amending the complaint to substitute named parties for the John Doe and Jane

Doe defendants if and when he learns their identities. However, they note that plaintiff has already identified Parish as a defendant in the original complaint. Defendants also allege that ¶¶ 1 to 5 of the complaint refer to at least three John Doe defendants - "another c.o." in addition to Parish, "a Lieutenant or Sergeant," and "the nurse" - and it is not clear which John Doe defendant, if any, plaintiff intends to identify as Parish. Defendants contend that ¶¶ 1 to 5 of the complaint do not make sense if Parish is substituted for any one of the John Doe defendants referenced in those allegations.

Plaintiff should not be granted leave to amend the complaint because the proposed amendment would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (in deciding whether to grant leave to amend, the Court should consider futility of amendment). Plaintiff identified "Officer Parish" as a defendant in the original complaint and made specific allegations against Parish, and Tyler Parish has answered the complaint. It does not appear that plaintiff seeks to amend the complaint to add any allegations against Parish. Amending the original complaint to include Tyler Parish as a defendant and specify which allegations relate to him would therefore add nothing to the complaint.

Plaintiff has also filed a motion for assistance in obtaining counsel. (Doc. 16). Plaintiff alleges that he is financially unable to retain an attorney and asks that the Court refer his case to a volunteer legal organization to assist him in obtaining counsel. Defendant opposes plaintiff's request. (Doc. 19).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by

2

exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. The Court will therefore deny plaintiff's motion for assistance in obtaining counsel.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for assistance in obtaining counsel (Doc. 16) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for leave to amend the complaint (Doc. 17) be **DENIED**.

Date: 11/7/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
Plaintiff,

vs.

JOHN DOE, et al.,
Defendants.

Civil Action No. 1:16-cv-1149
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).